[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE RE: SECOND REVISED COMPLAINT
The facts as alleged in the plaintiff's second revised complaint are those which follow.
On November 7, 1989, the plaintiff, Alejandro Nieves, was a passenger in a vehicle owned by the defendant, State of Connecticut Department of Corrections, and operated by the defendant, Keith Lane. Said vehicle was travelling in a northerly direction on Interstate 91 in Wethersfield when it collided with the rear of another vehicle driven by the defendant, Edward Battista. As a result of the collision, the plaintiff incurred injuries.
On November 4, 1991, the plaintiff filed the instant action against the defendants, Keith Lane, State of Connecticut and Edward CT Page 831 Battista.[1] On October 14, 1992, the plaintiff filed a second revised complaint. The first count is a claim based upon negligence and/or recklessness directed at the defendant, Keith Lane. The second count is a cause of action for negligence and/or recklessness directed at the State of Connecticut, and the third count is a negligence and/or recklessness claim against the defendant, Edward Battista.
On November 5, 1992, the defendant, Keith Lane, filed a motion to strike the first count of the second revised complaint along with a memorandum of law in support of his motion to strike. On the same date, the defendant, State of Connecticut, filed a motion to strike the second count of the second revised complaint and certain claims for relief directed thereto along with a memorandum of law in support of its motion to strike. On November 19, 1992, the plaintiff filed a memorandum in opposition to both defendants' motions to strike.
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book sec. 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book sec. 152(5); see also Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 691 (1983). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278 550 A.2d 1073 (1988). When considering a motion strike "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
AS TO LANE'S MOTION TO STRIKE
The defendant, Keith Lane, argues that the first count of the plaintiff's second revised complaint should be stricken in that General Statutes section 4-165 affords the defendant immunity from personal liability and bars the plaintiff's cause of action. Section 4-165 provides, in pertinent part, that "[n]o state officer or employee shall be personally liable for damage or injury, not CT Page 832 wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." (Emphasis added.) General Statutes section 4-165. In paragraph four of the first count of the Second Revised Complaint, the plaintiff alleges that his injuries were caused by the negligence, recklessness and carelessness of the defendant, KEITH LANE. . . ." (Emphasis added.) Since the first count sufficiently alleges a cause of action for recklessness it is not barred by section 4-165. However, a motion to strike is not the proper vehicle for elimination of irrelevant, immaterial or otherwise improper allegations. (Citation omitted.) Yale University School of Medicine/Office of Professional Services v. Wurtzel,3 Conn. L. Rptr. 520, 521 (April 9, 1991, Milhalakos, J.) If the defendant wanted the allegations of negligence and carelessness deleted from the pleadings on the grounds that such claims are barred by section 4-165, the proper vehicle would have been a request to revise. Id.; Practice Book section 147(2). Therefore, defendant Lane's motion to strike the first count is denied.
AS TO THE STATE'S MOTION TO STRIKE
The defendant, State of Connecticut, argues that the second count of the plaintiff's second revised complaint should be stricken in that General Statutes section 52-556 provides that "[a]ny person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." (Emphasis added.) General Statutes section 52-556. The plaintiff alleges that his injuries were caused by the negligence, recklessness and carelessness of the defendant KEITH LANE. . . ." (Emphasis added.) (Plaintiff's Second Revised Complaint, Second Count, paragraph 5).
Although allegations of recklessness in a claim brought pursuant to section 52-556 are improper, a motion to strike is not the proper vehicle for elimination of such allegations. Yale University School of Medicine/Office of Professional Services, supra, 521. The proper vehicle for deletion of such allegations would have been a request to revise. Id., Practice Book, section 147(2). For the foregoing reasons, the defendant's motion to strike the second count is denied.
The defendant State further argues that the plaintiff's claims for relief of double and treble damages pursuant to General Statutes section 14-295 and for punitive damages based on recklessness as CT Page 833 to the second count should be stricken in that such claims are not proper against the defendant, State of Connecticut. The defendant asserts that punitive damages and section 14-295 are inapplicable to the State of Connecticut because the legislature has not expressly waived the state's sovereign immunity in this area. The court agrees.
Section 14-295 provides, in pertinent part, that "[i]n any civil action to recover damages resulting from personal injury . . . or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has . . . with reckless disregard operated a motor vehicle in violation of [certain] statutes. . . ." (Emphasis added.) General Statutes section 14-295. Section 52-556, however, only provides a cause of action against the state in cases where a person was injured "through the negligence of any state official or employee. . . ." (Emphasis added.) General Statutes section 52-556. Because section 14-295 only allows recovery where one has acted recklessly and section 52-556
only allows recovery from the state in instances where the employee was negligent, section 14-295 is inapplicable to actions brought pursuant to section 52-556. Therefore, the prayer for relief pursuant to section 14-295 is legally insufficient inasmuch as it applies to the second count, and the motion to strike the plaintiff's claims for relief of double and treble damages as to the second count is granted.
In addition, and for the foregoing reasons, any claims for punitive damages based upon recklessness are inapplicable to claims brought pursuant to section 52-556. Thus, the plaintiff's claims for relief for punitive damages based upon recklessness are legally insufficient as they apply to the second count, and therefore, the motion to strike said prayer for relief as to the second count is granted.
Leheny, J.