[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #131 MOTION TO DISMISS #135
On August 29, 1990, the plaintiff filed a three count complaint sounding in negligence against defendants State of Connecticut, Department of Corrections (Department), the Cheshire Correctional Institution (Cheshire Facility), Martin J. Meehan, Warden of the Cheshire Facility, the State of Connecticut's Central Motor Pool (Motor Pool) and August J. Krull, Jr., an employee of the defendant Motor Pool, for CT Page 11185 injuries, sustained on November 12, 1987, as a result of an automobile accident.
The defendants filed motions to dismiss the three count complaint on November 5 and 15, 1990. In Henton v. State,5 Conn. L. Rptr. 10, 11 (September 12, 1991, McGrath, J.), the court found that the claims commissioner exceeded his authority in giving permission to the plaintiff to bring the negligence claims. However, the motions to dismiss were denied because the court found that jurisdiction over the plaintiff's negligence claims existed pursuant to General Statutes 52-556. Id., 11. Additionally, the court in Henton found that the plaintiff's right of action existed independently of the statute of limitations found in Section 52-584, and therefore, the allegation that the statute of limitations acted as a bar to the cause of action did not implicate subject matter jurisdiction. Id., 12. Moreover, the court in Henton applied the motions to dismiss to an amended four count complaint filed by the plaintiff on January 4, 1991. Id., 11. The amended complaint added a fourth count against Meehan sounding in recklessness and incorporated allegations of recklessness into counts one and two. Id. The court in Henton found that it maintained "subject matter jurisdiction over any reckless/wanton claims against the employees, in that approval from the claims commissioner is not necessary for such claims." Id. In the present case, both the plaintiff and defendants rely on portions of Judge McGrath's decision on the prior motions to dismiss in support of their respective arguments.
On September 7, 1992, the plaintiff filed a seven count revised complaint, against the same defendants. In count one the plaintiff alleges that on November 12, 1987, while an inmate of the defendant Cheshire Facility, he suffered injuries when the vehicle in which he was a passenger, owned by the defendant Motor Pool and operated by defendant Krull, was struck by a vehicle owned by defendant Motor Pool and operated by Meehan in his official capacity as Warden of the Cheshire Facility. The plaintiff alleges that the collision was the direct result of the negligence of Meehan, the Motor Pool, Cheshire Facility, Department, and the State of Connecticut. Plaintiff brings count one pursuant to General Statutes 52-556.
In count two the plaintiff alleges that defendant Krull, while in the course of his employment, was negligent in the operation of a Motor Pool vehicle. The plaintiff claims that CT Page 11186 such negligence was a direct cause of the collision and plaintiff's resulting injuries. The plaintiff brings the second count pursuant to General Statutes 52-556.
In count three the plaintiff alleges that all named defendants are liable to the plaintiff for injuries caused by the negligent transportation of the plaintiff. The plaintiff alleges that on December 30, 1987, notice was given to the State of Connecticut that the plaintiff was seeking permission under General Statutes 4-160 to sue all named defendants. The plaintiff brings the third count pursuant to an order of the claims commissioner granting the plaintiff permission to sue the state.
In the fourth count, plaintiff, claims that Meehan was negligent in the operation of a state vehicle and bases this count on General Statutes 52-556. In the fifth count, the plaintiff alleges that his injuries are the result of the recklessness of Meehan in his official capacity, the Motor Pool, Cheshire Facility, the Department, and the State of Connecticut. The plaintiff alleges that count five is brought pursuant to an order of the claims commissioner. In count six the plaintiff repeats the allegations of count five substituting defendant Krull in place of Meehan. The seventh count is directed against Meehan in his individual capacity. The plaintiff alleges that his injuries were caused by the reckless conduct of Meehan. Plaintiff alleges that the seventh count is brought pursuant to the authorization of the claims commissioner.
On October 23, 1992, the defendants, Meehan, Motor Pool, Cheshire Facility, Department, and the State of Connecticut, filed a "motion to dismiss and/or to object to plaintiff's amended complaint" in which the defendants moved to "dismiss the first and second counts of the complaint as to the individual defendants and to dismiss or strike all remaining counts", with an accompanying memorandum of law.[1] On October 30, 1992, the defendant Krull filed a motion to dismiss the plaintiff's amended complaint in which the defendant adopts the legal arguments contained in the motion to dismiss filed October 23, 1993. On April 1, 1993, the plaintiff filed an objection to the motions to dismiss together with a supporting memorandum of law.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
CT Page 11187 (1985). "A motion to dismiss does not test the sufficiency of a cause of action and should not be granted on other than jurisdictional grounds." (Citation omitted.) Caltabiano v. Phillips, 23 Conn. App. 258, 265, 580 A.2d 67 (1990). Rather, "[a] motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. Connecticut, 190 Conn. 622, 624, 461 A.2d 991 (1983). The motion to dismiss asserts that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914
(1991).
A. Authorization of Actions Against the State
General Statutes 4-165 provides in relevant part:
 No state officer or employee shall be personally liable for damages or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. . . Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter.
General Statutes 4-165 was intended to grant state officers and employees immunity where the state may be sued. McKinley v. Musshorn, 185 Conn. 616, 621, 441 A.2d 600 (1975). Section 4-165 provides that state officers and employees are individually immune from suit so long as their injurious actions are not wanton, reckless or malicious. Hackett v. State, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket Mo. 352161 (November 28, 1990). "An individual having a liability claim for which a state employee is immune pursuant to General Statutes 4-165 may present it as a claim against the state to the claims commissioner." Id. Therefore, while Section 4-165 requires a plaintiff to get permission from the claims commissioner prior to commencing a negligence action against a state employee, no such permission is needed prior to bringing an action based on the employees recklessness. Hackett v. State, supra; Nieves v. Lane, 8 CSCR 113 (January 7, 1993, Leheny, J.)
Chapter 53 of the General Statutes (4-141 et seq.) creates the office of claims commissioner and establishes the CT Page 11188 procedure for redressing claims arising from the action of the state and its officers and employees. Spinello v. State,12 Conn. App. 449, 453, 531 A.2d 167 (1987). The authority of the claims commissioner to permit suit against the state delineated in General Statutes 4-160 (a) which provides in pertinent part:
 he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable.
Pursuant to General Statute Sec. 4-142(2), the claims commissioner "shall hear and determine all claims against the state except . . . claims upon which suit otherwise is authorized by law." Therefore, under General Statutes 4-142(2), the claims commissioner has no authority to hear and determine claims upon which suit is otherwise authorized by law. Spinello v. State, supra, 453.
B. Law of the Case Doctrine
As noted above, many of the issues in the present case were previously addressed in Henton v. State, supra. Therefore, an application of the law of the case doctrine to the present action would be appropriate.
The law of the case doctrine "expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power." (Citations omitted.) Daley v. Hartford, 215 Conn. 14, 29, 574 A.2d 194 (1990), cert. denied, 111 S.Ct. 513, 111 L.Ed.2d 525 (1991). In Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982), the court described the operation of the law of the case doctrine in the following manner:
 New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . But a determination so made is not necessarily to be treated as an infallible guide to the court in dealing with all matters subsequently arising in the cause. . . . Where a matter has previously CT Page 11189 been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance.
(Citations omitted; internal quotation marks omitted.) Id.
C. Motion to Dismiss Counts One and Two
As to counts one and two, the defendants contend that General Statutes 52-556 creates a cause of action against the state, not against its employees, and therefore the court without subject matter jurisdiction over the individual defendants, Meehan and Krull. In response, the plaintiff contends that suit against employees of the state is contemplated by Section 52-556. Moreover, the plaintiff argues that the subject matter jurisdiction of the court in the present action was affirmed in Henton v. State, supra.
In Henton v. State, supra, 11, the court determined, as to counts one and two of the original complaint, which sounded in negligence:
 [T]he plaintiff had a right of action against the state for the acts of its employees within the scope of their employment pursuant to Section 52-556 and, therefore, the commissioner was precluded from hearing and determining plaintiff's negligence claims. It is clear, however, that the court does have subject matter jurisdiction over plaintiff's negligence claims pursuant to Connecticut General Statutes 52-556.
(Emphasis added.)
General Statutes 52-556 provides in relevant part:
 Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against CT Page 11190 personal injuries or property damage shall have a right of action against the state to recover damages for such injury.
General Statutes 52-556 has been determined to be a statutory framework under which the state waives sovereign immunity and allows suit against state employees and officers. McKinley v. Musshorn, supra, 621, 622; Rivera v. Fox, 20 Conn. App. 619,621, 622, 569 A.2d 1137 (1990). Hence, Section 52-556 is a means by which "suit otherwise is authorized by law." General Statutes 4-142(2); McKinley v. Musshorn, supra, 621, 622. Therefore, any claim made pursuant to Section 52-556 may be brought without prior authorization from the claims commissioner. General Statutes 4-142(2), 4-165.
"[T]he state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . Therefore, we have dealt with such suits as if they were solely against the state and have referred to the state as the defendant." (Citations omitted.) Tamm v. Barns, 222 Conn. 280,283, 610 A.2d 590 (1992).
An examination of counts one and two of the plaintiff's revised complaint reveals that the plaintiff names the defendants Meehan and Krull in their representative capacity as a predicate to establishing the liability of their employer, the State of Connecticut, under Section 52-556. It appears that the court's decision in Henton v. State, supra, is consistent with the foregoing analysis. Therefore, the court maintains subject matter jurisdiction over the plaintiff's negligence claims in counts one and two. Based on the foregoing, the motion to dismiss counts one and two is denied.
D. Motion to Dismiss Count Three
In support of the motion to dismiss count three, the defendants contend that the count is based on an erroneous authorization to sue the state issued by the claims commissioner. The defendants argue that the claims commissioner exceeded his authority in allowing the plaintiff to present claim when a right of action exists at law. The defendants argue that the court lacks subject matter jurisdiction to entertain the allegations contained an count three. In response, the plaintiff asserts that the court maintains subject CT Page 11191 matter jurisdiction with respect to the claims contained in the third count pursuant to General Statutes 52-556. Additionally, the plaintiff maintains that the subject matter jurisdiction of the court in relation to count three has been decided in favor in Henton v. State, supra, 11.
The court, in Henton v. State, supra, found that:
 the plaintiff had a right of action against the state for the acts of its employees within the scope of their employment pursuant to section 52-556 and, therefore, the commissioner was precluded from hearing and determining plaintiff's negligence claims. It is clear, however, that the court does have subject matter jurisdiction over plaintiff's negligence claims pursuant to Connecticut General Statutes 52-556.
(Emphasis added.) Id., 11.
Consonant with Henton v. State, supra, even though the claims commissioner exceeded his authority in hearing plaintiff's claims, the court still maintains subject matter jurisdiction over the plaintiff's negligence claims pursuant to General Statutes 52-556. Therefore, the motion to dismiss count three of the complaint is denied.
E. Motion to Dismiss Count Four
The fourth count of the revised complaint alleges that the defendant Meehan's negligent operation of a state vehicle, while in the course of his employment, caused the plaintiff's injuries. The defendant contends that the count is directed against Meehan personally, and should be dismissed as Section 52-556 only provides for a right of action against the state.
The plaintiff argues that the fourth count alleges the defendant Meehan acted within his scope of employment and, therefore, suit is authorized by Section 52-556. The plaintiff argues that the court's subject matter jurisdiction over the allegations of count four has already been decided in Henton v. State, supra.
As noted above, Section 52-556 provides for the right of CT Page 11192 action against the state by any person injured through the negligence of a state employee when that employee operates a motor vehicle owned and insured by the state. General Statutes52-556. The state waives sovereign immunity in such instances and consents to being sued under Section 52-556. White v. Burns, supra, 312. As the state can only act through officers and agents, a claim against a state officer concerning a matter in which the officer represents the state is, in effect, against the state and, therefore, courts deal with such claims as if they are solely against the state. Tamm v. Burns, supra, 283; White v. Burns, supra, 312.
A fair reading of count four reveals that the plaintiff's allegations are not directed against the defendant Meehan individually but against the state and its agencies. Consistent with the analysis applied to counts one and two, it is determined that the court maintains subject matter jurisdiction over count four of the complaint. Therefore, the motion to dismiss count four is denied.
F. Motion to Dismiss Counts Five, Six and Seven
The defendants contend that counts five, six and seven, which sound in recklessness, are not properly before the court as the claims commissioner exceeded his authority in permitting such action against the state. Moreover, the defendants argue that the recklessness claims are brought beyond the applicable statute of limitations and therefore, the court lacks subject matter jurisdiction over the claims. In response, the plaintiff argues that General Statutes 4-165 requires that a party seek the permission of the claims commissioner when pursuing an action sounding in reckless conduct. Secondly, the plaintiff maintains that the defendants have not pleaded the statute of limitation as a special defense and, therefore, the issue is not properly before the court.
"An individual having a liability claim for which a state officer or employee is immune pursuant to General Statutes 4-165
may present it as a claim against the state to the claims commissioner. General Statutes 4-165." Antinerella v. Rioux,8 CTLR 125, 128 (December 23, 1992, Hennessey, J.). A state employee who allegedly engages in wanton, reckless or malicious conduct which results in injury to another is not protected by immunity under the terms of this section. General Statutes4-165. Hence, the conduct of the state employees as alleged in CT Page 11193 counts five, six and seven is characterized as reckless and, therefore, any claim for damages based on such conduct may be brought without authorization from the claims commissioner. General Statutes 4-165; Hackett v. State, supra; Nieves v. Lane, supra. Therefore, this court has subject matter jurisdiction to hear the recklessness claims.
This conclusion is consistent with Henton v. State, supra, 11, where the court held that approval of the claims commissioner is not necessary in order to bring a claim for reckless conduct against state employees. Therefore, the motion to dismiss counts five, six and seven, on the grounds that the claims commissioner exceeded his authority is denied.
Ordinarily, the defense of the statute of limitations must be specially pleaded and cannot be raised by a motion to dismiss. Practice Book 164; Ross Realty v. Surkis, 163 Conn. 388,391, 311 A.2d 74 (1972). The general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural. Orticelli v. Powers, 197 Conn. 9, 15,495 A.2d 1023 (1985). The statute of limitations implicates subject matter jurisdiction only in cases where the specific limitation is contained within the statute that establishes the remedy. See Travelers Indemnity Co. v. Rubin, 209 Conn. 437,445-46, 551 A.2d 1220 (1988); Orticelli v. Powers, supra, 15; L.G. DeFelice Son, Inc. v. Wethersfield, 169 Conn. 509, 511,356 A.2d 144 (1975).
In the present action, the right to bring suit against the state for an injury caused by the alleged reckless acts of a state employee is governed by General Statutes 4-165 and4-160. The applicable statute of limitations for an action alleging reckless conduct is contained in a separate statutory framework, General Statutes 52-584. The plaintiff's causes of action based on recklessness exist independently of the applicable statute of limitations. Thus, the statute of limitations at issue does not implicate subject matter jurisdiction. Farther, the motion to dismiss based on the statute of limitations is procedurally improper and such a defense to the present action is more properly addressed in a different procedural context. See Forbes v. Ballaro, 31 Conn. App. 512,527, 528, A.2d (1991). Based on the foregoing, the motion to dismiss counts five, six and seven is denied. CT Page 11194
MAIOCCO, J.