DAVID W. McKINLEY v. PATRICK M. MUSSHORN

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued November 3—decision released December 29, 1981

*Alexander Winnick,* with whom was *Ivan M. Katz,* for the appellant (plaintiff).

*Andrew J. O'Keefe,* with whom were *Denise M. Phelan,* and, on the brief, *Richard J. Kenny,* for the appellee (defendant).

ARMENTANO, J. The issue in this appeal is whether a plaintiff can maintain an action against his fellow employee for personal injuries caused by the negligent operation of a motor vehicle when both the plaintiff and the defendant were acting within the scope of their employment as employees of the state of Connecticut. The short answer to that question is "no."

The facts are undisputed. On January 13, 1978, both parties were employed by the state of Connecticut and working on the campus of Southern Connecticut State College in New Haven. Patrick M. Musshorn, the defendant, while operating a truck owned and insured by the state, negligently caused the motor vehicle to back up, causing the plaintiff, David W. McKinley, to be struck by the tailgate and pinned to a guard rail. The plaintiff has not alleged that the defendant acted wilfully or maliciously. The plaintiff received workers' compensation benefits from the state for his resulting personal injuries. In addition, the plaintiff instituted this action against the defendant seeking damages for personal injuries.

Upon its motion, the state was permitted to intervene in June, 1980 by the court, *Kelly J.* On November 21, 1980, the trial court granted the state's motion to dismiss the complaint for lack of subject matter jurisdiction, holding that the plaintiff's action against the defendant state employee was barred by the immunity granted to state employees by section 4-165 of the General Statutes. In his appeal from the dismissal of the complaint the plaintiff claims that the trial court erred in its construction of the three relevant statutes. He claims specifically that when injuries are caused by the negligent operation of a motor vehicle, General Statutes §§ 31-293a and 52-556 supersede the immunity of a state employee from personal liability for injury "caused in the performance of his duties and within the scope of his employment" provided by General Statutes § 4-165.[1]

---

[1] General Statutes § 4-165 provides: "IMMUNITY OF STATE OFFICERS AND EMPLOYEES FROM PERSONAL LIABILITY. No state officer or employee shall be personally liable for damage or injury, not wanton or wilful, caused in the performance of his duties and within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter. For the purposes of this section "scope of employment" shall include, but not be limited to, representation by an attorney appointed by the public defender services commission as a public defender, assistant public defender or deputy assistant public defender or an attorney appointed by the court as a special assistant public defender of an indigent accused or of a child on a petition of delinquency, representation by such other attorneys, referred to in section 4-141, of state officers and employees, in actions brought against such officers and employees in their official and individual capacities, and the performance of duties of a commissioner of superior court in the hearing of small claims matters pursuant to chapter 922a; provided such actions arise out of the performance of duties within the scope of employment of such officers or employees. For purposes of this section, court security officers shall be considered state employees."

An employee who has a right to benefits under the Workers' Compensation Act,[2] is barred from pursuing an action against his employer for damages for personal injuries.[3] Whether the right to workers' compensation also bars an action against a fellow employee for damages for personal injuries is a question of law. *Velardi* v. *Ryder Truck Rental, Inc.,* 178 Conn. 371, 375, 423 A.2d 77 (1979). General Statutes § 31-293a[4] provides in part that if an employee has a right to workers' compensation benefits "on account of injury or death from injury caused by the negligence or wrong of a fellow

[2] General Statutes §§ 31-275 through 31-355.

[3] General Statutes § 31-284 provides in pertinent part: "BASIC RIGHTS AND LIABILITIES. (a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

[4] General Statutes § 31-293a provides in full: "NO RIGHT AGAINST FELLOW EMPLOYEES; EXCEPTION. If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle as defined in section 14–1 or unless such wrong was wilful or malicious. No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for injury to or death of persons and damage to property by the commissioner of motor vehicles required by chapter 246 if it excludes from coverage under such policy or contract any agent, representative

employee, such right shall be the exclusive remedy of such injured employee . . . and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle . . . or unless such wrong was wilful or malicious." Clearly if the parties were fellow employees of an employer other than the state, the plaintiff's right to workers' compensation benefits would not bar his action against the defendant because the plaintiff has alleged negligence in the operation of a motor vehicle. Although the provisions of the Workers' Compensation Act apply to state employment,[5] the application of § 31-293a to state employees is drawn into question when it is compared with the specific immunity of state employees granted by General Statutes § 4-165. "In construing legislation, courts are required to reconcile apparently inconsistent provisions so far as that can be done." *Spring* v. *Constantino,* 168 Conn. 563, 572, 362 A.2d 871 (1975); see *Hirschfeld* v. *Commission on Claims,* 172 Conn. 603, 607, 376 A.2d 71 (1977).

---

or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void."

[5] General Statutes § 5-143 provides: "APPLICABILITY OF WORKERS' COMPENSATION ACT. ADDITIONAL SICK LEAVE COMPENSATION. Each state employee who sustains an injury arising out of and in the course of his employment, except as provided in section 5-142, shall be paid compensation in accordance with the provisions of the workers' compensation act, provided, notwithstanding any provision of section 31-295, any such employee who is incapacitated by such an injury shall receive his full salary or wages for the first seven days of such incapacity. Thereafter, he may elect to receive, in addition to the benefits due him as workers' compensation, an amount which will result in his receiving his full salary or wages for the period of any accumulated sick leave, computed on an hourly basis, due him. Upon expiration of such period of sick leave the provisions of the workers' compensation act shall apply."

General Statutes § 4-165 was intended to grant state employees immunity "where and because the state may be sued . . . ." *Spring* v. *Constantino,* supra, 571. Because it abrogates the previously existing common law rights of redress against state employees, the statute must be strictly construed. *Spring* v. *Constantino,* supra, 570. "We have long recognized the common-law principle that the state cannot be sued without its consent. . . ." *Sentner* v. *Board of Trustees of Regional Community Colleges,* 184 Conn. 339, 342, 439 A.2d 1033 (1981); *Horton* v. *Meskill,* 172 Conn. 615, 623, 376 A.2d 359 (1977). An individual having a liability claim for which a state employee is immune pursuant to General Statutes § 4-165 may present it as a claim against the state to the claims commissioner. General Statutes § 4-165. "When the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim . . . ." General Statutes § 4-160 (a). In addition to this waiver of sovereign immunity which is discretionary with the claims commissioner, some statutes expressly waive sovereign immunity with respect to specific kinds of claims. The state has expressly consented to be sued with respect to "the negligence of any state official or employee when operating a motor vehicle owned and insured by the state . . . ." General Statutes § 52-556; *Fitzpatrick* v. *Hill,* 18 Conn. Sup. 35, 36 (1952). General Statutes § 52-556 provides further that the victim of such negligence "shall have a right of action against the state to recover damages" for personal injury or property damage.[6]

---

[6] The plaintiff's claim that § 52-556 waives the immunity of state employees as well as of the state is unfounded in light of the express language of that section and of our holding in the present case.

Therefore, if the plaintiff has any right to proceed with a further action, it would have to be against the state, not the defendant state employee.[7] The defendant claims that this conclusion is superseded by the general language of General Statutes § 31-293a, permitting an action against a fellow employee who has caused injury by the negligent operation of a motor vehicle. We disagree.

This court considered a similar statutory conflict in *Edmundson* v. *Rivera*, 169 Conn. 630, 363 A.2d 1031 (1975). There, an employee of the city of Bridgeport sought damages from a fellow employee who negligently struck him while operating a truck during the course of his employment. Id., 631. The victim had received workers' compensation benefits. Id. This court found an irreconcilable conflict between General Statutes § 31-293a and § 7-465 (a)[8]

---

[7] We are not called upon to decide and therefore do not decide whether the plaintiff's right to benefits under the Workers' Compensation Act bars an action against the state under § 52-556.

[8] General Statutes § 7-465 provides in pertinent part: "ASSUMPTION OF LIABILITY FOR DAMAGE CAUSED BY EMPLOYEES. JOINT LIABILITY OF TOWNS IN DISTRICT DEPARTMENT OF HEALTH. (a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of section 7-308, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. This section shall not apply to physical injury to a person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such injury or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of such injury. If an employee or, in

which provides that a municipal employee has no cause of action against a fellow employee for personal injury if the victim had a right to workers' compensation benefits. Id., 634. In holding that the statute which applied specifically to municipal employees prevailed over the statute which applied generally to employees, this court reasoned that "if the legislature had intended [§ 31-293a] to modify or repeal any part of § 7-465, it would have been a simple matter to have said so." Id., 634-35.

Similarly, the exception for actions alleging negligence in operating a motor vehicle which applies to employees generally was enacted subsequent to the statutory immunity granted specifically to state employees.[9] Therefore, this court's reasoning in *Edmundson* is compelling, and we reject the plaintiff's claims to the contrary.

"We must presume that the legislature . . . acted in view of existing relevant statutes and with the intention of creating one consistent body of law . . . ." *Budkofsky* v. *Commissioner of Motor Vehicles*, 177 Conn. 588, 592, 419 A.2d 333 (1979); see, e.g., *Caulfield* v. *Noble*, 178 Conn. 81, 93, 420 A.2d 1160 (1979); *Engle* v. *Personnel Appeal Board*, 175 Conn. 127, 130, 394 A.2d 731 (1978). However,

---

the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such employee or, in the case of his death, his dependent shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious."

[9] The exception provision in General Statutes § 31-293a was enacted in Public Acts 1969, No. 69-696, § 4. State employee immunity provided by General Statutes § 4-165 was enacted in Public Acts 1959, No. 59-685, § 25. In its memorandum of decision the trial court erroneously noted the year of enactment for § 4-165 as 1969.

absent manifest intent to repeal an earlier statute, when general and specific statutes conflict they should be harmoniously construed so the more specific statute controls. *Edmundson* v. *Rivera,* supra, 635. The exception granted by General Statutes § 31-293a to all employees must give way to the immunity granted specifically to state employees by General Statutes § 4-165.

There is no error.

In this opinion the other judges concurred.