[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS THE PLAINTIFFS' APPEAL
In April, 1988, the appellee Department of Health Services of the State of Connecticut [DHS] began an investigation of the co-appellee Hartford Hospital [Hospital] after a patient, Czeslaw Szymanski, bled to death while receiving hemodialysis treatment at the Hospital. On July 11, 1988, DHS, pursuant to section 19a-494 of the General Statutes, issued a notice of hearing to the Hospital. On July 22, 1988, the appellants, Jadwiga Szymanski, Irena Nadzieja, Carol Szymanski, and Danusia Szymanski (wife and children, respectively, of the decedent), sought to intervene and participate in the hearing. On July 29, 1988, before appellants' petition to intervene was decided, the appellees, DHS and the Hospital, reached an agreement involving, inter alia, changes in hospital policies and procedures.
The appellants have filed a petition for an administrative appeal of the decision of the DHS to reach a settlement with the Hospital. The appellants allege, inter alia, that the agreement was reached as a result of ex parte communications, since the appellants had not participated in the settlement negotiations.
The Hospital filed this motion to dismiss on October 13, 1989, on the ground that the court lacks subject matter jurisdiction under sections 19a-501 and 4-183 of the General Statutes. The DHS filed a motion to dismiss on October 18, 1989, based on the same ground.
The motion to dismiss is the appropriate procedural device to challenge the court's subject matter jurisdiction. Conn. Practice Book Sec. 143. The motion to dismiss admits all well-pleaded facts, and the court may look to the pleadings, the record, and any affidavits in its determination of the CT Page 2725 jurisdictional issue. Barde v. Board of Trustees, 207 Conn. 59,62 (1988). The complaint is construed most favorably for the plaintiff, Duguay v. Hopkins, 191 Conn. 222, 227 (1983), and the burden of proof is on the defendant, Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53-54 (1983).
"Appeals to the courts from decisions of administrative officers exist only under statutory authority." Nader v. Altermatt, 166 Conn. 43 at 53. (emphasis supplied). Accordingly, if appellants have no statutory basis for their appeal the court lacks subject matter jurisdiction and the motions to dismiss should be granted.
Section 19a-494 of the General Statutes provides, in part, that "[t]he commissioner of health services, after a hearing, may suspend or revoke a license or certificate [of a hospital] in any case in which he finds that there has been a substantial failure to comply with the requirements established under [the licensing statutes]." Hartford Hospital was served notice of a hearing under Conn. Gen. Stat. sec. 19-484. See Petition for Administrative Appeal, Exhibit A, Statement of Charges, dated July 11, 1988.
Section 19a-501 of the General Statutes reads as follows:
 Any person who is a holder of a license or certificate, or the state, acting through the attorney general, aggrieved by any decision of the department of health services after a hearing, or any applicant whose license or certificate is denied, may appeal therefrom in accordance with the provisions of section 4-183 [of the General Statutes].
The appellants are not holders of a license or certificate that is being acted upon, and are not bringing this appeal after a hearing, and therefore may not avail themselves of the appeal process accorded persons aggrieved by agency action under this section.
The appellants assert that they are bringing this appeal pursuant to sec. 4-183(a) of the General Statutes, the Uniform Administrative Procedure Act (hereinafter "UAPA"), which provides, in part, that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review by way of appeal. . .".
"A statutory provision that articulates with greater CT Page 2726 specificity the resolution of a particular controversy is presumed to prevail over a more general provision." State v. Daniels, 188 Conn. 374, 393 (1988). See also, McKinley v. Musshorn, 185 Conn. 616, 623-24 (1981). Section 19a-501 clearly provides a more specific procedure for bringing an appeal than does the more general provision contained in 4-183a of the UAPA.
In a recent Superior Court decision, construing a substantially similar statute, the court (Schaller, J.) stated:
 If the court were to allow the plaintiffs to appeal from the decision of the Commission on Hospitals and Health Care pursuant to Conn. Gen. Stats. sec. 4-183, the purpose and meaning of Conn. Gen. Stats. sec. 19a-158 [the more specific statute] would thus be thwarted and rendered superfluous. [Citation omitted]. Moreover, if plaintiffs had standing to bring the appeal pursuant to Conn. Gen. Stats. sec. 4-183, then, arguably, any health care facility or institution could proceed directly under section 4-183. Instead, the legislature chose to allow only health care facilities or institutions the right to bring an appeal from a Commission on Hospital and Health Care decision.
Connecticut Business and Industry Association v. Commission on Hospitals and Health Care, Docket Number #355112 et. seq., J.D. of Hartford/New Britain at Hartford, memorandum of decision on Motion to Dismiss, July 13, 1989, Schaller, J.
This case presents a similar circumstance, and the more specific statute, section 19a-501, is the one that controls. Therefore, the appellants may not appeal the decision of DHS because they have no standing under Conn. Gen. Stat. sec.19a-501.
Even if the appellants could bring an appeal under section 4-183(a) of the UAPA, their appeal would still fail because they cannot meet the requirements of the statute. That section provides that only persons who have "exhausted all administrative remedies available within the agency and who [are] aggrieved by a final decision in a contested case [are] entitled to judicial review by way of appeal." (Emphasis supplied). Accordingly, the appellants are not "aggrieved" by the decision of DHS and the Hospital to come to an agreement. CT Page 2727
 "The fundamental test by which the status of aggrievement for purposes of qualifying to take an appeal from an administrative order or regulation is determined encompasses a well-settled twofold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specifically and injuriously affected by the decision."
Nader v. Altermatt 166 Conn. 43 at 51.
The appellants have not shown a specific personal and legal interest as distinguished from the general interest of the community. For example, in their petition to intervene, appellants state: "Petitioners have a substantial and specific interest in discovering the truth, nature and cause of death of their loved one." See Petition to Intervene as Parties, or in the Alternative as Intervenors, July 22, 1988.
Similarly, in the appellants' memorandum in opposition to the motion to dismiss, they claim their "aggrievement" has been admitted in the appellees' news release announcing the stipulated agreement. See Appellants' Memorandum in Opposition to Appellee Hartford Hospital's Motion to Dismiss, p. 11, filed October 26, 1989. This news release states in part, that "[t]his incident has been a tragic, trying event for all concerned — first and foremost for the patient's family . . . ." See Dept. of Health Services News Release, July 29, 1989, Attachment 2.
The administrative proceeding in this case involved the issues of whether DHS would revoke or suspend the Hospital's license or whether it would "take any other action it deems necessary" and the appellants' interest in learning about the circumstances surrounding the death of their decedent was not relevant to the determination of those issues. The proceeding was not intended to assist appellants in discovering facts concerning their decedent's death, nor does the press release so indicate. Therefore, the appellants' interest in the licensure proceeding was no different from the interest of the community in general, i.e., the safe and efficient operation of the Hospital. CT Page 2728
The appellants have also failed to meet the second prong of the aggrievement test, stated in Nader v. Altermatt, that of showing their alleged interest to be "specially and injuriously affected by the decision." Even if it is assumed that their petition to intervene in order to learn the "truth, nature, and cause of the death of their loved one" could properly have been granted, their civil discovery rights still remain available to them and may be utilized by his widow as Executrix of his estate in an action brought by her to recover damages for his death. Accordingly, the appellants have no legally cognizable interest that has been specially and injuriously affected.
The court concludes that the applicable requirements for bringing an appeal of a decision made pursuant section 19a-494
of the General Statutes are those stated in section 19a-501, and that the appellants have no standing under that statutory provision. Furthermore, even if the appellants can properly take an appeal under the broader provisions of section 4-183(a) of the UAPA, this appeal cannot be entertained because the appellants are not aggrieved.
For the foregoing reasons, the motions to dismiss filed by DHS and the Hospital are granted because the court lacks subject matter jurisdiction to hear this appeal.
HAMMER, J.