[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action against the defendant, Scott T. Sherrick and the Attorney General of Connecticut after being struck by a motor vehicle owned by the state of Connecticut and operated by Sherrick while in the course of his employment by the state. The plaintiff alleges that she was a pedestrian when she was struck by that motor vehicle and, as a result, sustained injuries.
The defendants moved for summary judgment. Sherrick claimed that he is immune from suit under the provisions of Section 4-165
of the General Statutes. The Attorney General's motion is based on the ground that he is improperly named as a defendant. Section 384m of the Practice Book provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990).
Since the state can act only through its officers and agents, a suit against a state officer is, in effect, one against the sovereign state. White v. Burns, 213 Conn. 307, 312 (1990). "It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." (Citations omitted.) Id.
Section 52-556 of the General Statutes provides, in part, that "[a]ny person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state . . . shall have a right of action against the state to recover damages for such injury." This statute creates a cause of action against the state and, as such, it must be strictly construed. See, McKinley v. Musshorn, 185 Conn. 616 (1981).
The plaintiff brought this action pursuant to Section52-556. Since that statute only provides for a cause of action CT Page 4797 against the state under the circumstances alleged in the complaint, the plaintiff has no cause of action against the defendant Sherrick and his motion for summary judgment is granted.
Notwithstanding the fact that Section 52-556 specifically provides that the state is the proper party to be sued, the plaintiff improperly has named the Attorney General as a party defendant. Plaintiff's failure to follow the statutory provisions she addresses, requires that the motion for summary judgment be granted.
Summary judgment is entered for each defendant.
BY THE COURT
Leander C. Gray, Judge