[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 109)
The plaintiff, Jose Garcia, brings this action to recover for injuries allegedly sustained in a motor vehicle accident. Named as defendants are Susan Mucha, Avis Rent-A-Car Systems, Inc. (Avis), and Rudolph Dixon.
In the first count of the complaint the plaintiff asserts a negligence claim against Mucha. The plaintiff also asserts a claim against Avis pursuant to General Statutes § 14-154a, based on allegations that at the time of the accident Mucha was operating a vehicle that was leased from Avis. In the second count the plaintiff asserts a negligence claim against Dixon and alleges CT Page 118 that at the time of the accident Dixon was operating a truck owned by the State of Connecticut. The plaintiff also alleges that Dixon was an employee of the Department of Transportation and was using the truck with the permission and consent of the state.
On October 18, 1994, Dixon filed a motion to strike (docket entry number 109) the plaintiff's second count on the ground that as a state employee he is immune from suit pursuant to General Statutes § 4-165, and therefore, the plaintiff cannot hold him personally liable for any alleged negligence in the operation of the state vehicle.
On October 26, 1994, the plaintiff filed an "objection" to Dixon's motion to strike. The plaintiff "objects" on the ground that in order to determine whether § 4-165 applies, the court would have to consider issues of fact outside the complaint, such as whether Dixon was acting in the scope of his employment or in the discharge of his duties at the time of the accident. Thus, the plaintiff contends that Dixon's motion is an improper "speaking" motion to strike.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, . . . or any one or more counts thereof, to state a claim upon which relief may be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1);Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike admits all well-pleaded facts; Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); which must be construed in the light most favorable to the pleader. NovametrixMedical Systems Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
General Statutes § 4-165 provides in pertinent part that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." This statute, "while affording a person the potential right to sue the state, denies that person his right of action against the state's employees." Spring v. Costantino, 168 Conn. 563, 570,362 A.2d 871 (1975). Pursuant to General Statutes § 52-556, the state has consented to be sued with respect to "the negligence of any state official or employee when operating a motor vehicle owned and insured by the state. . . ." McKinley v. Musshorn, 185 Conn. 616,621, 441 A.2d 600 (1981). CT Page 119
In paragraph six of the second count, the plaintiff alleges that at the time of the accident, Dixon was operating the state-owned vehicle as an employee of the state and with the state's permission. The plaintiff does not allege that at the time of the accident Dixon was acting in the discharge of his duties or in the scope of his employment. Based on the pleadings it is not clear whether Dixon is entitled to immunity pursuant to §§ 4-165 and 52-556.
In order to answer the question of whether Dixon, as a state employee, is entitled to immunity pursuant to §§ 4-165 and 52-556, the court must consider facts outside of the complaint. Because Dixon, in arguing that he was acting in the scope of his employment at the time of the accident, is arguing based on facts not alleged in the complaint, Dixon is making an improper "speaking" motion to strike. Connecticut State Oil Co. v.Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (Super.Ct. 1979).
Dixon's motion to strike is denied.
BALLEN, J.