[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT AND CROSSMOTION FOR SUMMARY JUDGMENT
The plaintiffs' move for summary judgment on the grounds that title to specifically devised real property is absolute and the devisee is willing to pay the just debts of the estate. CT Page 12309
The defendant cross-moves for summary judgment on the grounds that title to specifically devised real property is not absolute and that specifically devised real property of an insolvent estate may be sold to pay outstanding claims against the estate.
For purposes of this appeal from probate, the facts are taken from the will of Helen A. Benny, the December 8, 1993 decree of the Probate Court, and the December 27, 1994 decree of the Probate Court. On August 7, 1989, Helen A. Benny, the mother of the plaintiff, Rosalie Benny Zanoni, died. In her will dated August 31, 1965, Helen Benny devised real property located at 55 Highland Street, Wethersfield and 21 Brightwater Road, Old Lyme to Rosalie Benny. The will further provides that all testamentary expenses and inheritance, succession, legacy and transfer taxes be paid out of the residue of the estate. On August 25, 1994, Rosalie Benny Zanoni deeded the property located at 21 Brightwater Road to the plaintiff, Paul Zanoni. The plaintiffs, Rosalie Benny Zanoni and Paul Zanoni, presently reside at 55 Highland Street, Wethersfield.
On December 8, 1993, the Probate Court in the District of Newington ordered that "[t]he two parcels of real property [located at 21 Brightwater Road, Old Lyme and 55 Highland Street, Wethersfield] . . . specifically devised to Rosalie Benny Zanoni under the will of Helen A. Benny [be] subject to the right of the fiduciary to petition the court for their sale to meet the obligations of the estate for taxes, debts and expenses." On December 27, 1994, the Probate Court found that "[t]here are outstanding claims against the estate [of Helen Benny] . . . but there is no liquidity in the estate to even begin to pay expenses in the priority required." The Probate Court also found that "[t]he Administrator was instructed to investigate alternative methods of raising cash for the estate, either from contributions from the beneficiaries or by placing a mortgage on one or both of the properties. Neither avenue has proven to be a possibility, according to the Administrator's reports." Based on these findings, the Probate Court ordered that "[t]he Administrator is authorized to offer the property at 21 Brightwater Road, Old Lyme, Connecticut and to sell the property on the terms and conditions stated in the findings of the court."
On January 12, 1995, the plaintiffs Rosalie Benny Zanoni and Paul Zanoni, filed a motion appealing the December 27, CT Page 12310 1994 Probate Court decree on the ground that the guidelines for the sale of the property are offensive and interfere with their right to quiet enjoyment.
On May 30, 1995, the plaintiffs filed a motion for summary judgment on the ground that the devisee, Rosalie Benny Zanoni, has absolute title to the property located at 21 Brightwater Road and on the ground that the sale of the property is not in the best interests of the parties as the devisee is willing to pay the just debts of the estate. In their motion for summary judgment, the plaintiffs ask that "(1) Title to Real Property known as 21 Brightwater Road, Old Lyme, Connecticut be determined; (2) A permanent injunction prohibiting the fiduciary from trespassing upon the Real Property as above be issued; (3) The Order of December 27, 1994 of the Probate Court District of Newington be vacated; (4) A permanent injunction prohibiting the fiduciary from attempting to sell the property under authority of Connecticut General Statute 45a-428 be issued." In accordance with §§ 204 and 380 of the Practice Book, the plaintiffs have timely filed a memorandum in support of their motion for summary judgment.
On June 23, 1995, the defendant and Successor Administratrix, Karen Renzulli Lynch, filed an objection to the plaintiffs' motion for summary judgment and a cross motion for summary judgment on the ground that a devisee does not have an absolute right to title and that the specifically devised real property may be sold to pay the outstanding claims against the estate.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Citations omitted.)Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Pursuant to Practice Book § 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). CT Page 12311
In their memorandum in support of their motion for summary judgment, the plaintiffs argue that title to specifically devised real property is absolute. The plaintiffs further argue that the estate is not insolvent because they are willing to pay the just debts of the estate. The plaintiffs argue that the sale of the real property is not in the best interests of the parties because they are willing to pay the just debts of the estate and because Rosalie Benny Zanoni, as a beneficiary of the estate, is liable for certain claims against the estate under General Statutes § 45a-368.
In her memorandum in opposition to the plaintiffs' motion for summary judgment and in support of her cross motion for summary judgment, the defendant argues that the devisee does not have an absolute right to title. Rather, the defendant argues that pursuant to General Statutes § 45a-428(a), the specifically devised real property may be liquidated to pay the debts of the estate. In response, the plaintiffs argue that General Statutes § 45a-428(a) only authorizes the Probate Court to notify the devisees of a pending sale, not to actually sell the property.
The first issue to be decided by this court is whether a devisee receives an absolute title to the real property. Title of specifically devised real property automatically passes at death to the devisee. Satti v. Rago, 186 Conn. 360,365, 441 A.2d 615 (1982). General Statutes § 45a-428(a) mandates that personal notice be given to the devisees of specifically devised real property. General Statutes § 45a-428(a) provides, in relevant part, that "[i]f the court of probate finds that the estate of a deceased person is insolvent and if the real property has been specifically devised or if the court finds that the estate of such person is solvent but that there are no assets of the estate, other than real property specifically devised or forbidden by will to be sold or mortgaged, from which debts, taxes and administration charges against the estate may be paid, the court shall order personal notice of the pendency of the application for a decree authorizing the sale or mortgage of such real property to be given to all devisees of such real property." However, General Statutes § 45a-426(b) provides that "[s]pecific legacies shall not be taken or sold for the payment of debts and charges against the estate of the testator when there is other property, real or personal, sufficient and available therefore and not specifically CT Page 12312 devised or bequeathed; but real property may be sold in lieu thereof, when it is necessary for such purpose, unless such will otherwise directs." Therefore, title to specifically devised real property passes subject to the administration of the estate. Satti v. Rago, supra, 186 Conn. 365.[1]
The second issue is whether the estate is not insolvent because the plaintiffs are willing to pay the just debts of the estate. The plaintiffs argue that because they are willing to pay the just debts of Helen Benny's estate, the estate cannot be considered insolvent. Despite the plaintiffs' contention that they are willing to pay the just debts of the estate, the December 27, 1994 decree of the Probate Court found that contributions from the beneficiaries was not a possibility. Helen Benny's estate alone must be examined to determine whether it is insolvent.
Black's Law Dictionary (5th Ed. 1979) defines insolvency as "such a relative condition of a man's assets and liabilities that the former, if all made immediately available, would not be sufficient to discharge the latter." In the present case, the December 8, 1993 decree of the Probate Court found that "the original and supplementary inventories do not indicate assets of a substantial nature other than the real estate, to pay the debts, taxes and testamentary expenses." Furthermore, the December 27, 1994 decree of the Probate Court found that "[t]here are outstanding claims against the estate . . . but there is no liquidity in the estate to even begin to pay expenses in the priority required." Based on the finding of the Probate Court that there are outstanding claims against the estate and on the further finding that there are no real assets other than the specifically devised real property, the estate would be considered insolvent or solvent with no real assets other than the specifically devised real property.
The final issue to be determined by this court is whether the sale is not in the best interest of the parties pursuant to General Statutes §§ 45a-162, 45a-164(a). General Statutes § 45a-162 provides in relevant part that "[b]efore the final settlement of any estate, the court of probate may order . . . the sale of personal property, and in the case of an insolvent debtor's estate of all or any property, as it finds for the interest of the estate, in a manner and after notice which it judges reasonable." General Statutes § 45a-164(a) CT Page 12313 states in relevant part that "[u]pon the written application of the . . . administrator . . . the court may authorize the sale . . . of the whole or any part of . . . any real property . . . if the court finds it would be for the best interests of the parties in interest to grant the application." General Statutes §§ 45a-162, 45a-164(a) are broader in scope than General Statutes § 45a-426(b).
"[W]hen general and specific statutes conflict they should be harmoniously construed so the more specific statute controls." McKinley v. Musshorn, 185 Conn. 616, 624,441 A.2d 600 (1981). As the more specific statute, General Statutes § 45a-426(b) controls, it is unnecessary to discuss the application of General Statutes §§ 45a-162, 45a-164(a) to the present case. Pursuant to General Statutes § 45a-426(b), the Probate Court may properly authorize a sale of the subject property. Therefore, the December 27, 1994 order of the Probate Court authorizing the sale of the subject property is affirmed. Accordingly, the plaintiffs' motion for summary judgment on the ground that title to specifically devised real property is absolute is denied. The defendant's cross motion for summary judgment on the ground that the Probate Court properly exercised its power to authorize the sale of specifically devised real property as there are outstanding claims against the estate and no real assets other than the specifically devised real property is granted.
M. Hennessey, J.