[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS #102
On February 25, 1998, the plaintiffs, Tracy Marlow and Sarah Starkweather, filed this fourteen-count complaint alleging negligence, infliction of emotional distress, trespass, violations of the fourth and fourteenth amendments of the United States constitution, breach of contract, and violation of the Connecticut Unfair Trade Practices Act (CUTPA) against the following defendants: the Child Care Center of Stamford, Inc. (CCC); Jane Norgren and Carol Aoki, employees of the CCC; Kathryn Bella, Nancy Colberg-Perez, and Dayle DeAngelo, employees of the Connecticut Department of Children and Families (DCF); and Andrew Manjuck, a Greenwich police officer. The plaintiffs allege that on February 17, 1995, the CCC through its employees, Jane Norgren and Carol Aoki, falsely, maliciously and in bad faith reported to the DCF that the plaintiffs had been abusing their minor children. (Complaint, Count One, ¶ 4.) On February 17, 1995, as a consequence of the CCC reporting the plaintiffs, the defendants, Colberg-Perez and Manjuck, acting within the scope of their employment, allegedly trespassed upon the plaintiffs' property which caused the plaintiffs extreme emotional distress. (Complaint, Count 7 ¶¶ 4 5.) The plaintiffs also allege that CT Page 11314 Colberg-Perez's and Manjuck's acts violated the plaintiffs' rights guaranteed under the fourth and fourteenth amendments of the United States constitution and under Title 42 of the United States Code, Sections 1983 and 1988. (Complaint, Count 9 ¶ 10.)
The plaintiffs further allege that the defendants, Kathryn Bella and Dayle DeAngelo, indicated that the plaintiffs may be labeled as child abusers and the plaintiffs could possibly lose the right to adopt children. (Complaint, Count 13, ¶¶ 3, 7, and 8.) In counts thirteen and fourteen the plaintiffs allege that the defendants, Bella and DeAngelo, carried out various acts for the purpose of inflicting emotional distress upon them. (Complaint, Counts 13 and 14, ¶ 9.)
Defendants Bella, DeAngelo, and Colberg-Perez move to dismiss counts seven, nine, thirteen, and fourteen on the ground that the court lacks subject matter jurisdiction, because, as state employees, they are immune from liability. The plaintiffs counter that the defendants' activities were malicious and violated their federal constitutional rights, therefore sovereign immunity does not protect the defendants.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995).
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal DepositIns. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996).
The defendants contend that General Statutes § 4-165[1]
provides them with immunity from personal liability because the plaintiffs' claims are actually claims against the state, and such claims can only be brought after approval by the Claims Commissioner. The defendants assert that the plaintiffs have failed to allege that the defendants' conduct was wanton, reckless, or malicious, or otherwise outside the scope of their CT Page 11315 employment, therefore, the plaintiffs' claims do not fall within an exception to sovereign immunity. Also, the defendants argue that the plaintiffs failed to plead, by substantial allegations, that the defendants' acts violated any constitutional rights or in excess of their statutory authority. In support of the memorandum, the defendants submitted copies of cases, a letter from Kathryn Bella to the plaintiffs, excerpts from the DCF policy manual, and affidavits from Bella and DeAngelo.
In opposition, the plaintiffs contend that counts seven, thirteen, and fourteen expressly allege malice and that count nine alleges a federal civil rights violation for which immunity cannot attach.
The plaintiffs specifically allege in counts seven and nine that Colberg-Perez was acting within the scope of her employment. (Complaint, Count 7, ¶ 2.) Also, as to counts thirteen and fourteen, the plaintiffs allege that Bella was acting under the direction of, and in conspiracy with DeAngelo in that Bella threatened "to brand them as confirmed child abusers" and "would prevent them from completing the adoption of their child." (Complaint, Counts 13, 14 ¶¶ 7, 8.)
"We have . . . recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . ." (Citation omitted; internal quotation marks omitted.) Antinerella v. Rioux, 229 Conn. 479,487, 642 A.2d 699 (1994).
"We have long recognized the common-law principle that the state cannot be sued without its consent. . . ." (Citation omitted; internal quotation marks omitted.) Tamm v. Burns,222 Conn. 280, 283, 610 A.2d 590 (1992).
General Statutes § 4-165 provides, in pertinent part: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. . . ." "We are mindful that § 4-165 . . . [is] in derogation of sovereign immunity and . . . must be strictly construed. . . ." (Citation omitted.) Hunte v. Blumenthal,238 Conn. 146, 152, 680 A.2d 1231 (1996).
"An individual having a liability claim for which a state CT Page 11316 employee is immune pursuant to General Statutes § 4-165 may present it as a claim against the state to the claims commissioner. . . . When the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim. . . ." (Citations omitted; internal quotation marks omitted.) McKinley v. Musshorn, 185 Conn. 616, 621, 441 A.2d 600
(1981).
Therefore, in order for the plaintiffs' claims to survive the defendants' motion to dismiss, the counts at issue must meet one of the exceptions to § 4-165.
Count Seven
"The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . ." Antinerella v. Rioux, supra, 229 Conn. 489.
In count seven the plaintiffs expressly allege that Colberg-Perez "illegally, maliciously and without authorization trespassed," the plaintiffs contend that such an allegation places count seven within the exception of § 4-165. "[A] complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted. . . ." (Citations omitted.) Warner v.Leslie-Elliot Constructors, Inc., 194 Conn. 129, 138,479 A.2d 231 (1984). "A wilful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional. . . ." (Citation omitted; internal quotation marks omitted.) Nolan v. Borkowski, 206 Conn. 495, 501, 538 A.2d 1031
(1988).
Since the plaintiffs have expressly alleged that Colberg-Perez trespassed upon their property, they have alleged an intentional action. "The essentials of an action for trespass are: (1) ownership or possessory interest in land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the CT Page 11317 plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury. . . ." Abington Ltd. Partnershipv. Talcott Mountain Science Center, 43 Conn. Sup. 424, 427,657 A.2d 732 (1994), rev'd on other grounds, Abington Ltd. Partnershipv. Heublein, 246 Conn. 815, ___ A.2d ___ (1998). The plaintiffs, however, fail to allege that Colberg-Perez's actions were done with the intent to produce the alleged injury, emotional distress. Also, the plaintiffs have not alleged any other conduct to support their claim of malice, nor have they submitted any additional evidence with their opposing memorandum. "Plaintiff must do more than rely on conclusory allegations contained in its complaint; it must make at least a prima facie showing of jurisdiction through its own affidavits and supporting materials. . . ." (Citations omitted; internal quotation marks omitted.) Fuehrer v. Owens-Corning Fiberglas Corp., 673 F. Sup. 1150,1153 (D. Conn. 1986). The plaintiffs' allegations under count seven merely set forth the words malicious and wilful. Therefore, the court finds that the plaintiff's allegations regarding malice are conclusory, and that the defendants' motion to dismiss as to count seven is granted.
Count Nine
In count nine, the plaintiffs allege that Colberg-Perez conducted a warrantless search of their home and violated their rights under the fourth and fourteenth amendments of the United States constitution. "[Iln a constitutional democracy sovereign immunity must relax its bar when suits against the government complain of unconstitutional acts. . . ." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 64, 539 A.2d 1000 (1988). Nonetheless, "[t]he allegations of such a complaint and the factual underpinnings if placed in issue, must clearly demonstrate an incursion upon constitutionally protected interests. . . ." Id.
The plaintiffs expressly allege that Colberg-Perez searched their home without a warrant, acted without probable cause, and therefore violated their rights under the fourth amendment of the United States constitution. The defendants argue that the plaintiffs' claim does not clearly demonstrate an incursion upon the plaintiffs' constitutionally protected rights. The defendants cite Barde to support their argument. However, in Barde
the dispositive issue involved a determination of whether the plaintiff truly had a constitutionally protected property interest within the meaning of the fourteenth amendment. The court held that the expectation of tenure was not a legitimate CT Page 11318 property interest within the meaning of the fourteenth amendment.Barde v. Board of Trustees, supra, 207 Conn. 65. In the present case, the plaintiffs claim a violation of their fourth amendment rights, the fourth amendment guarantees" [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . ." U.S. Const., amend. IV. "Entry by the government into a person's home, is the chief evil against which the wording of theFourth Amendment is directed. . . ." (Citation omitted; internal quotation marks omitted.) State v. Geisler, 222 Conn. 672, 681,608 A.2d 1178 (1992). Further, the fourth amendment to the United States constitution was made applicable to the states through thefourteenth amendment's due process clause. Id., 681 n. 12. In addition, federal law provides for a civil action for damages against government officials who violate a citizen's constitutional rights, "an action under 42 U.S.C. § 1983 may be brought to vindicate a violation of the fourth amendment's search and seizure provisions. . . ." (Citations omitted.)Binette v. Sabo, 244 Conn. 23, 46 n. 20, ___ A.2d ___ (1998).
Therefore, the plaintiffs in the present case have alleged a violation of a valid constitutionally protected liberty interest within the meaning of the fourteenth amendment and the state's sovereign immunity must be waived. The court denies the defendants' motion to dismiss as to count nine.
Counts Thirteen and Fourteen
"[While Section 4-165 requires a plaintiff to get permission from the claims commissioner prior to commencing a negligence action against a state employee, no such permission is needed prior to bringing an action based on the employee's recklessness. . . . The statute also does not provide immunity to state employees whose acts are wanton or malicious. . . ." (Citations omitted; internal quotation marks omitted.) Tremblayv. Webster, Superior Court, judicial district of New London at New London, Docket No. 530898 (February 23, 1995, Hurley, J.). In counts thirteen and fourteen, the plaintiffs specifically allege that Bella, acting under the direction of DeAngelo, maliciously wrote the plaintiffs a threatening letter wherein Bella threatened to brand the plaintiffs as child abusers. Furthermore, the plaintiffs allege that Bella's and DeAngelo's acts were done for the purpose of causing the plaintiffs to suffer emotional distress. Under these counts, the plaintiffs allege additional facts to support the allegation of malice. The plaintiffs allege CT Page 11319 that Bella and DeAngelo threatened to have them branded as child abusers and stated to a third party that they would attempt to prevent the plaintiffs from adopting their child. Also, the plaintiffs allege that these defendants' acts were carried out for the purpose of inflicting emotional distress upon the plaintiffs and were extreme and outrageous. "A willful or malicious injury is one caused by design. Willfulness and malice alike import intent. . . ." (Citation omitted; internal quotation marks omitted.)Nolan v. Borkowski, supra, 206 Conn. 501.
The plaintiffs have specifically alleged facts to support the claim of malice, therefore the court denies the defendants' motion to dismiss as to counts thirteen and fourteen. Bella and DeAngelo may not avail themselves of the immunity of § 4-165, because as to counts thirteen and fourteen, the plaintiffs have alleged intentional and malicious acts that are outside the scope of General Statutes § 4-165.
Based upon the foregoing, the defendants' motion to dismiss is granted as to count seven, and denied as to counts nine, thirteen, and fourteen.
John W. Moran Judge of the Superior Court