[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AS TO RENEWED MOTION FOR SUMMARY JUDGMENT
On July 30, 1993, the plaintiff, Rafael Palacio, was a passenger in a motor vehicle owned by the state of Connecticut that collided with another motor vehicle. At the time of the collision, the defendant, Cordula Diaugustino, was the driver of the vehicle in which Palacia was a passenger. The other motor vehicle was operated by the defendant Alberto Perez. As a result of this collision, on May 17, 1995, the plaintiff commenced this action against Diaugustino and Perez for damages.[1]
Subsequently his wife, Anne Palacio, joined as a plaintiff, seeking damages for loss of consortium.
On January 21, 1999, Diaugustino moved for summary judgment with respect to counts two and six of the plaintiffs' second amended complaint directed toward her, alleging negligence and loss of consortium, respectively. In her memorandum of law in support of the motion, the defendant argued that the plaintiffs' claims were barred by General Statutes § 4-165, the immunity provision for state employees. This court, on March 29, 1999, denied the defendant's motion on the ground that the affidavit in support of the motion stated only legal conclusions, and as such, CT Page 12525 failed to demonstrate the lack of any genuine issues of material fact.
On April 13, 1999, the defendant moved for reconsideration of the court's denial of the motion for summary judgment. With that motion the defendant filed a new affidavit that purported to correct the deficiencies of the previous filing. On May 4, 1999, the motion to reconsider was granted, and the defendant was allowed to renew her motion for summary judgment.
On May 24, 1999, this court heard oral argument on the defendant's renewed motion for summary judgment. In a memorandum filed at the time of argument, the plaintiffs argued that although the defendant's motion for summary judgment was predicated upon statutory immunity, such had not been pled as a special defense in the defendant's answer. On June 7, 1999, the defendant sought leave to amend her answer to add the immunity special defense. The plaintiffs' objection was overruled on June 29, 1999.[2]
Presently before the court, therefore, is the defendant's motion for summary judgment on the ground that the plaintiffs' claims are barred by the immunity granted to state employees pursuant to General Statutes § 4-165. The defendant argues in support of her motion for summary judgment that at the time of the collision, she was acting within the scope of her employment as an employee of the state of Connecticut and is therefore immune from liability as a matter of law, pursuant to General Statutes § 4-165.
The plaintiffs argue in opposition to the motion for summary judgment that General Statutes § 52-556 specifically abolishes the immunity provided for in General Statutes §4-165 in cases where a state employee causes injury to another through the negligent operation of a state owned motor vehicle. Moreover, the plaintiffs maintain that the legislature's enactment of General Statutes § 31-293 a further supports their position that the defendant is not entitled to immunity under General Statutes § 4-165.
Alternatively, the plaintiffs argue that a genuine issue of material fact exists as to whether the plaintiff, Mr. Palacio, and the defendant were acting within the scope of their employment with the state at the time of the accident. As a result, plaintiffs claim that the court cannot determine that the CT Page 12526 defendant is entitled to immunity under General Statutes §4-165.
"Practice Book § [17-49] provides that rendition of a summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Miller v. United Technologies Corp. , 233 Conn. 732, 751-52,660 A.2d 810 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
The genuine issue aspect of summary judgment procedure requires that, prior to trial, the parties provide the court with evidentiary facts, or substantial evidence outside of the pleadings from which the material facts alleged in the pleadings can be inferred. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578-79, 573 A.2d 699 (1990); United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 378-79, 260 A.2d 596
(1969). "In deciding motions for summary judgment, the trial court is obligated to construe the evidence in the light most favorable to the nonmoving party." Gabrielle v. Hospital of St.Raphael, 33 Conn. App. 378, 383, 635 A.2d 1232, cert. denied,228 Conn. 928, 640 A.2d 115 (1994).
Here, the parties do not dispute that Ms. Diaugustino and Mr. Palacio are both employees of the state of Connecticut Commission on Human Rights and Opportunities, nor have the plaintiffs alleged in counts two and six of their complaint that the defendant acted wilfully or wantonly. Furthermore, the plaintiffs have offered no evidence to contradict the defendant's affidavit that at the time of the collision, the employees were returning from an Attorney General's training center in Wallingford to drop off the state owned and insured vehicle at fleet operations in Hartford.
The defendant's argument is predicated upon General Statutes § 4-165, which provides in relevant part: "No state officer or employee shall be personally liable for damages or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter." Here, CT Page 12527 the defendant maintains that since she is a state employee who was acting within the scope of her employment at the time of the collision, she is entitled to immunity under this statute from the plaintiffs' claims.
"General Statutes § 4-165 was intended to grant state employees immunity where and because the state may be sued . . ." (Internal quotation marks omitted.) McKinley v.Musshorn, 185 Conn. 616, 621, 441 A.2d 600 (1981). "An individual having a liability claim for which a state employee is immune pursuant to General Statutes § 4-165 may present it as a claim against the state to the claims commissioner." Id.
Turning to the plaintiffs' argument that General Statutes §§ 52-556[3] and 31-293a[4] abrogate the defendant's immunity under General Statutes § 4-165, this court finds the Connecticut Supreme Court's decision in McKinley v. Musshorn, supra, 185 Conn. 616 controlling. In McKinley, the issue before the Court was identical to one presented here, namely: Whether General Statutes §§ 52-556 and 31-293a supersede the immunity provided to state employees under § 4-165 where the state employee has caused injury to another state employee through the negligent operation of a motor vehicle. Id., 618.
In resolving this issue, the Connecticut Supreme Court held that "[t]he exception [to immunity] granted by General Statutes § 31-293 a to all employees must give way to the immunity granted specifically to state employees by General Statutes §4-165." McKinley v. Musshorn, supra, 185 Conn. 624. Furthermore, the Court found the plaintiffs argument that General Statutes § 52-556 operated as a waiver of the immunity granted to state employees under General Statutes § 4-165 to be "unfounded in light of the express language of [§ 52-556] and of our holding in the present case." Id., 621 n. 6. In light of these findings, the Court stated that "if the plaintiff [had] any right to proceed with a further action, it would have to be against the state, and not the defendant state employee." Id., 622.
The plaintiff also argues in opposition that, even assumingarguendo that the defendant may qualify for immunity under General Statutes § 4-165, a question of fact exists as to whether the parties were acting within the scope of their employment at the time of the collision. Specifically, the plaintiffs argue in their brief that in returning the motor CT Page 12528 vehicle the employees were merely engaging in an activity which was "clearly . . . `incidental' to their public duties as state employees . . ." This plaintiffs' argument is also unavailing.
The plaintiffs cite Antimerella v. Rioux, 229 Conn. 479, 498,642 A.2d 699 (1994) for the proposition that where the employees were performing a function "incidental" to their employment, they were not within the scope of their employment under § 4-165. The plaintiffs misapprehend Antimerella. The Connecticut Supreme Court stated that even conduct which is incidental to employment is entitled to protection under General Statutes § 4-165.Antimerella v. Rioux, supra, 229 Conn. 498.
In interpreting the phrase, "within the scope of employment," the court looks to "whether the employee was reasonably fulfilling the duties of employment or doing something incidental to it." Antimerella v. Rioux, supra 498. If the employee is either fulfilling his duties of employment or doing something reasonably incidental to it, that employee is entitled to immunity. Id., 498. Only where "it is alleged that the defendant [state employee] is proceeding . . . in excess of his statutory authority, [does] the interest in the protection of the plaintiffs right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine . . ." (Internal quotation marks and citation omitted.) Id., 488.
The act of returning a state owned vehicle to the state garage from which it was initially obtained, upon the conclusion of state business, clearly falls within the scope of state employment. The defendant is entitled to statutory immunity pursuant to General Statutes § 4-165, and the motion for summary judgment as to counts two and six of the second amended complaint is granted.
James T. Graham Superior Court Judge