[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (130) AND MOTION TO COMPEL (129)
In the First Count of the Revised Complaint in this action the Plaintiff, the bankruptcy trustee for Richard Terranova, sues for damages for injuries he suffered in an automobile collision with a bus operated by the Defendant, Kimberly Bernier. In the Second Count of the complaint, the Plaintiff, Mrs. T. Enterprises, LLC, the owner of the truck which was operated by Terranova at the time of the accident, sues for the losses it incurred because of the loss of the use of the truck and its driver. The Plaintiffs claim that Bernier was operating the bus while in the course of her employment and with the permission of the owner of the bus, the University of Connecticut, and that the collision and the Plaintiffs' injuries and losses were caused by her negligence. Before the court is Bernier's Motion to Dismiss this action as to her because, as a state employee, she is immune from suit under General Statutes § 4-165 for alleged negligent acts committed while acting within the scope of her employment.
General Statutes § 4-165 provides that "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state . . ." The Plaintiffs claim that their action against Bernier is authorized by General Statutes § 52-556. That statute provides that: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury."
The issue of whether the provisions of § 52-556 abrogate a state employee's § 4-165 immunity was specifically addressed by the Court in McKinley v. Musshorn, 185 Conn. 616, 621-622 (1981). There the court stated: "General Statutes 4-165 was intended to grant state employees CT Page 11759 immunity `where and because the state may be sued. . . .' Spring v.Constantino, supra, 571. Because it abrogates the previously existing common law rights of redress against state employees, the statute must be strictly construed. Spring v. Constantino, supra, 570. `We have long recognized the common-law principle that the state cannot be sued without its consent. . . .' Sentner v. Board of Trustees of Regional CommunityColleges, 184 Conn. 339, 342, 439 A.2d 1033 (1981); Horton v. Meskill,172 Conn. 615, 623, 376 A.2d 359 (1977). An individual having a liability claim for which a state employee is immune pursuant to General Statutes4-165 may present it as a claim against the state to the claims commissioner. General Statutes 4-165. `When the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim. . . .' General Statutes 4-160 (a). In addition to this waiver of sovereign immunity which is discretionary with the claims commissioner, some statutes expressly waive sovereign immunity with respect to specific kinds of claims. The state has expressly consented to be sued with respect to `the negligence of any state official or employee when operating a motor vehicle owned and insured by the state. . . .' General Statutes 52-556; Fitzpatrick v. Hill, 18 Conn. Sup. 35, 36 (1952). General Statutes 52-556 provides further that the victim of such negligence `shall have a right of action against the state to recover damages' for personal injury or property damage. (footnote omitted). Therefore, if the plaintiff has any right to proceed with a further action, it would have to be against the state, not the defendant state employee. (footnote omitted)." The court also noted that "The plaintiffs claim that 52-556 waives the immunity of state employees as well as of the state is unfounded in light of the express language of that section and of our holding in the present case." McKinley v. Musshorn,185 Conn. 616, 621 fn. 6 (1981).
The Motion to Dismiss by Defendant Kimberly Bernier is granted. Since Bernier is no longer a party to this action, the court has no jurisdiction to compel her to attend a deposition as requested in the Plaintiffs Motion to Compel and that motion is denied.
 ___________________, J. Jane S. Scholl
CT Page 11760