[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (#118.50)
FACTS
On February 13, 2002, the plaintiff, Hazel Gregory, filed a two-count complaint sounding in negligence against the defendants, Jeanne Murphy and The Hartford Insurance Company of the Midwest, seeking damages for injuries she allegedly sustained while working with Murphy for the state's department of children and families ("the department"). Each count is brought against Murphy and The Hartford respectively. In her complaint, Gregory alleges that on December 19, 2000, she and Murphy were unloading packages from the hatchback trunk of a motor vehicle owned by Murphy. Count one alleges that Murphy negligently closed the hatchback of the vehicle, striking Gregory in the head and causing injuries. Count two of the complaint alleges that by virtue of a contract for motor vehicle liability insurance, The Hartford is legally responsible for the injuries and losses allegedly sustained by Murphy.
On August 6, 2002, Murphy filed a motion for summary judgment, accompanied by a memorandum of law in support and three exhibits. Gregory filed a memorandum of law in opposition on September 17, 2002, and submitted two superior court cases, but no evidence in support of her opposition.
The following undisputed facts are taken from the plaintiff's complaint. Gregory and Murphy are both employed by Connecticut's department of children and families. On December 19, 2000, both parties were using a motor vehicle owned by Murphy to deliver packages as part of their employment with the department. While unloading these packages from the hatchback trunk of Murphy's vehicle, Gregory alleges that Murphy attempted to close the hatchback, striking Gregory in the head and causing injury. The complaint does not allege that Murphy was driving her vehicle at the time of Gregory's injury, however, Gregory alleges that Murphy was operating her vehicle at the time of the injury. CT Page 2580
 DISCUSSION
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidential foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original; internal quotation marks omitted.) Mytych v. May Dept.Stores Co., 260 Conn. 152, 164 n. 8, 793 A.2d 1068 (2002). Where a party moves for summary judgment, and the opposing party submits no contradictory evidence, a court may properly decide the motion "by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. Of Pennsylvania,231 Conn. 756, 795, 653 A.2d 122 (1995).
Murphy moves for summary judgment on the ground that there is no genuine issue of material fact and she is entitled to judgment as a matter of law because (1) Gregory's claim is barred by General Statutes § 31-293a of the Workers' Compensation Act, and (2) that as a state employee, she is immune from suit pursuant to § 4-165. In her memorandum in support or her motion for summary judgment, Murphy argues that the actions alleged in the complaint do not constitute operation of a motor vehicle under § 31-293a, and thus do not fall within the exception to that statutory provision. Murphy also argues that as a state employee, she is immune under from suit pursuant to § 4-165. Gregory argues in opposition that Murphy incorrectly defines the term operation as used in § 31-293a, and that the movement of the hatchback trunk constituted operation as it is used in the statute.
General Statutes § 4-165 provides in relevant part: "No state officer or employee shall be personally liable for damages or injury, not wanton, reckless, or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damages or injury shall present it as a claim against the state under the provisions of this chapter." Murphy maintains that she is a state employee who was acting within the scope of her employment at the time of the injury, and thus is entitled to immunity under this statute.
"General Statutes § 4-165 was intended to grant state employees immunity where and because the state may be sued . . ." (Internal quotation marks omitted.) McKinley v. Musshorn, 185 Conn. 616, 621, CT Page 2581441 A.2d 600 (1981). "An individual having a liability claim for which a state employee is immune pursuant to § 4-165 may present it as a claim against the state to the claims commissioner." Id. The McKinley
court dealt with a similar issue to the one here: whether § 31-293a
supersedes the immunity provided to state employees under § 4-165
where the state employee has caused injury to another state employee through the negligent operation of a motor vehicle. Id., 618. In resolving this issue, the Connecticut Supreme Court held that "[t]he exception [to immunity] granted by General Statutes § 31-293a to all employees must give way to the immunity granted specifically to state employees by General Statutes § 4-165." Id., 624.
The defendant has filed a motion to amend the special defense of statutory immunity in accordance with Connecticut General Statutes §4-165. The defendant claims that through a scribner's error, the special defense cited Connecticut General Statutes § 7-465, instead of Connecticut General Statutes § 4-165. The court hereby grants the motion to amend the special defense.
In accordance with the Supreme Court's decision in McKinley, Murphy's motion for summary judgment as to count one is hereby granted. Both parties concede that they were acting within the scope of their employment with the department when Gregory was allegedly injured, and thus the actions of the parties fall within the scope of state employment. Murphy is entitled to statutory immunity pursuant to General Statutes § 4-165.
 D. Michael Hurley Judge Trial Referee
CT Page 2582