[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Donald A. Gage, brings this action to recover for personal injuries sustained as a result of an incident on July 29, 1993, on the campus of Western Connecticut State University.
A maintenance worker employed by Western Connecticut State University, the plaintiff was walking across a parking lot when he was struck by a police car operated by the defendant, Leonard W. Silva.
Both the plaintiff and the defendant were employed by Western Connecticut State University, and both were acting within the scope of their employment at the time of the incident. CT Page 12338
The plaintiff applied for and received Workers' Compensation benefits, and also instituted a claim against the State of Connecticut through the Claims Commissioner.
Count one of the five count complaint alleges that the plaintiff's injuries were caused by the negligent operation of a motor vehicle by Leonard W. Silva.
In count two, the plaintiff asserts that Silva's conduct was reckless.
Counts three and four named the defendants, Department of Administrative Services and Western Connecticut State University, respectively, under the theory of Respondeat superior. The plaintiff does not contest the motion for summary judgment as to these counts, and it is therefore granted by agreement.
Count five is a direct action against the State of Connecticut, pursuant to the provisions of § 52-556 of the Connecticut General Statutes.
The defendants, Leonard W. Silva and the State of Connecticut, move for summary judgment as to each of the remaining counts, counts one, two and five.
Each claim will be discussed separately.
 STANDARD OF REVIEW
A motion for summary judgment may be granted only when affidavits and other documentary evidence demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to judgment as a matter of law.Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983);Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578
(1990).
In deciding a motion for summary judgment, the trial court must view all of the evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). The burden is upon the moving party to show quite clearly what the law is, and that it excludes any real doubt as to the existence of any genuine issue of material fact.Fogarty v. Rashaw, 193 Conn. 442, 445 (1984); Yanow v. TealCT Page 12339Industries, Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
 ACTION AGAINST FELLOW EMPLOYEE BARRED
The defendant, Leonard W. Silva, claims that he is immune from suit, consistent with the provisions of § 4-165 of the Connecticut General Statutes, and that the plaintiff's remedy is through the Claims Commissioner.
Section 4-165 reads, in pertinent part, as follows:
 No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter.
The plaintiff counters that § 31-293a of the Connecticut General Statutes permits an action against a fellow employee for the negligent operation of a motor vehicle, in light of both § 4-165 and the exclusive remedy provisions of the Workers' Compensation statutes.
Section 31-293a states:
 If an employee . . . has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee . . . unless such . . . action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1.
The Connecticut Supreme Court confronted this issue inMcKinley v. Musshorn, 185 Conn. 616 (1981).
In McKinley, the plaintiff sought to maintain an action against a fellow employee, claiming personal injuries as a result CT Page 12340 of the negligent operation of a motor vehicle.
The court, in reconciling the provisions of § 4-165 with those of § 31-293a, held that the immunity from suit contained in § 4-165, prevailed over the provisions of § 31-293a, which apply generally to employees. McKinley v.Musshorn, supra, 621.
Section 4-165, because it abrogates the previously existing common law rights of redress against state employees, must be strictly construed. Spring v. Constantino, 168 Conn. 563, 570
(1975).
Because count one involves allegations of negligence against the defendant, Leonard W. Silva, a co-employee of the plaintiff, it is barred by the provisions of § 4-165.
This holding does not leave the plaintiff without a remedy. That remedy, however, must proceed through the Claims Commissioner. McKinley v. Musshorn, supra, 621.
 WORKERS' COMPENSATION IS EXCLUSIVE REMEDY AGAINST THE STATE
In count five, the plaintiff seeks to recover from the State of Connecticut, pursuant to § 52-556 of the Connecticut General Statutes.
That section reads:
 Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury.
The plaintiff argues that § 52-566 prevails over the immunity state employees receive under § 4-165, and that the state's immunity from suit has been waived.
The argument is not persuasive.
The state cannot be sued without its consent. Sentner v.Board of Trustees of Regional Community Colleges, 184 Conn. 339, CT Page 12341 342 (1981). The plaintiff contends that § 52-566 abrogates both the immunity of employees, and that of the state, under the exclusive remedy provisions of the Workers' Compensation Act. This claim is unfounded. McKinley v. Musshorn, supra, 621 n. 6;Sullivan v. State, 189 Conn. 550, 555 n. 7 (1983).
Absent any intent to create a second cause of action for state employees already entitled to Workers' Compensation benefits, the plaintiff's claim against the state must fail.Sullivan v. State, supra, 555 n. 7.
 SUIT MAY BE MAINTAINED FOR RECKLESS, INTENTIONAL CONDUCT
Count two alleges that the plaintiff sustained injuries due to the reckless conduct of the defendant, Leonard W. Silva.
Unlike negligence, recklessness involves intentional conduct. It involves a design to injure, either actually entertained, or implied from conduct and circumstances. Dubay v. Irish,207 Conn. 518, 533 (1988); Markey v. Santangelo, 195 Conn. 76, 78
(1985).
Negligence, on the other hand, involves the failure to use the degree of care and skill which ordinarily prudent persons would use under the circumstances. Hoelter v. Mohawk Service,Inc., 170 Conn. 495, 501 (1976) . There is no positive intention to injure the person alleging negligent conduct. Brown v.Branford, 12 Conn. App. 106, 108 (1987).
Since neither § 31-293a or § 4-165 grants immunity for reckless, wanton or intentional acts, there is no statutory bar to the cause of action alleged in count two.
It should be noted, however, that the count has combined allegations of reckless conduct with those which appear to be purely negligent.
Proof at trial would be limited to reckless conduct, not that more accurately described as negligent or unintentional. Framing a single count to allege both negligent and reckless, willful or wanton conduct would be improper. Brown v. Branford, supra, 108.
The motion for summary judgment, as to counts one, three, four and five is granted. CT Page 12342
The motion for summary judgment as to count two is denied.
Radcliffe, J.